UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CARLOS ANTONETTI,

                Plaintiff,                    **MEMORANDUM & ORDER**

      -against-                                        15-CV-6719 (NGG) (LB)

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, 83rd POLICE
PRECINCT,

                Defendants.
-----------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On November 18, 2015, Plaintiff Carlos Antonetti ("Plaintiff") filed this pro se action pursuant to 42 U.S.C. § 1983. (Compl. (Dkt. 1).) Plaintiff's request to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915 (Dkt. 2) is GRANTED for the purpose of this Memorandum and Order. For the following reasons, however, Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

## I.   BACKGROUND

The following facts are drawn from Plaintiff's Complaint and its attachments, the allegations of which of which are presumed to be true for purposes of this Memorandum and Order. Plaintiff alleges that, early in the morning of August 31, 2013, he was assaulted with a baseball bat by two men whom he knew from the neighborhood. (Compl. at 3-4.) Plaintiff suffered a fractured leg and hand and lacerations to his right hand requiring twenty stitches, for which he was treated at Wyckoff Heights Medical Center. (Id. at 18-26.) One of the two alleged assailants was arrested by officers of the 83rd Precinct of the New York City Police Department ("NYPD") and prosecuted by the Kings County District Attorney's Office. (Id. at 7-9.) Plaintiff alleges that the NYPD did a poor job conducting its investigation of the assault; specifically, he

asserts that the NYPD failed to escort him to the hospital or take pictures of his injuries, incorrectly filled out the incident report, and failed to retrieve footage from video cameras. (Id. at 8-10.) Plaintiff seeks $60,000 in damages for the mental anguish and suffering caused by Defendants' violation and deprivation of his rights as a victim. (Id. at 10.)

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an IFP action where it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Pursuant to Bell Atlantic Corp. v. Twombly, a complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). At the pleadings stage, the court must assume "all well-pleaded, nonconclusory factual allegations in the complaint to be true." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Iqbal, 556 U.S. at 678-79 (2009)), aff'd, 133 S. Ct. 1659 (2013). Pro se complaints, in particular, are held to less stringent standards than pleadings drafted by attorneys, and courts are required to read pro se plaintiffs' complaints liberally, interpreting them as raising the strongest arguments they suggest. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008).

Nevertheless, "a district court may use its inherent authority to dismiss a case sua sponte if it determines that the action is frivolous." Ashmore v. New York, No. 12-CV-3032 (JG), 2012

WL 2377403, at *1 (E.D.N.Y. June 25, 2012) (citing Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000)), aff'd sub nom Ashmore v. Prus, 510 F. App'x 47 (2d Cir. 2013) (summary order); see also id. ("Section 1915 . . . , for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision." (quoting Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 307-08 (1989))). An action is frivolous within the meaning of § 1915 when "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (quoting Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (quoting Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989))). A claim is based on an "indisputably meritless legal theory" when the claim either "lacks an arguable basis in law," or "a dispositive defense clearly exists on the face of the complaint." Id. (citing Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam); Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995)).

### III. DISCUSSION

#### A. City of New York

"[L]ocal governments are responsible only for their own illegal acts. They are not vicariously liable under § 1983 for employees' actions." Connick v. Thompson, 563 U.S. 51, 60 (2011) (internal quotation marks and citation omitted). In order to maintain a § 1983 action against a municipal defendant, a plaintiff must identify a "policy or custom" that caused his or her injury. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). To adequately state a claim for Monell liability, a plaintiff must "make factual allegations that support a plausible inference that the constitutional violation took place pursuant either to a formal course of action officially promulgated by the municipality's authority or the act of a person with policy making

3

authority for the municipality." Missel v. County of Monroe, 351 F. App'x 543, 545 (2d Cir. 2009) (summary order). Municipal liability "may also arise if [a] municipal defendant failed to train employees to avoid the behavior in question and if the failure rises to the level of deliberate indifference." Richardson v. City of New York, 326 F. App'x 580, 581 (2d Cir. 2009) (summary order) (citing City of Canton v. Harris, 489 U.S. 378, 388 (1989)).

Plaintiff's claim against the City of New York fails because he has alleged only a single incident by employees of the NYPD. This is insufficient to establish either a widespread practice or municipal policy. As the Second Circuit has made clear, "isolated acts . . . by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability." Jones v. Town of E. Haven, 691 F.3d 72, 81 (2d Cir. 2012); see also Henderson v. Town of Greenwich, 317 F. App'x 46, 47 (2d Cir. 2009) (summary order) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell." (quoting City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985))).

Even if Plaintiff had adequately alleged a policy or custom causing his injury, a plaintiff bringing a § 1983 claim must show that the defendant, acting under color of state law, deprived him of a constitutional right. Rodriguez v. Phillips, 66 F.3d 470, 473 (2d Cir. 1995). However, a victim of allegedly criminal conduct is not entitled to a criminal investigation or the prosecution of the alleged perpetrator of the crime, nor is there a constitutional right to an investigation by government officials of wrongdoing by other government officials. Leeke v. Timmerman, 454 U.S. 83, 85 (1981); see also, e.g., Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); McCrary v. County of Nassau, 493 F.

Supp. 2d 581, 588 (E.D.N.Y. 2007) ("A private citizen does not have a constitutional right to compel government officials to arrest or prosecute another person."); Laupot v. City of New York, No. 01-CV-3294 (LMM), 2002 WL 83673, at *2 (S.D.N.Y. Jan. 18, 2002) (dismissing the plaintiff's claim against the City of New York and the NYPD for failure to prosecute another individual because plaintiff failed to allege a deprivation of any constitutionally or federally protected right). Assuming as true Plaintiff's allegations that police officers conducted a substandard investigation of his assault, these facts do not suggest a violation of the Constitution or any federal laws by the City. Accordingly, Plaintiff's § 1983 claim against the City of New York is dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. NYPD

Plaintiff names the NYPD as a defendant in this case. However, the NYPD is a non-suable agency of the City of New York. Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007); see also N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). Because a dispositive defense therefore clearly exists on the face of Plaintiff's complaint, his § 1983 claim against the NYPD is dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). See Livingston, 141 F.3d at 437 (a claim is based on an "indisputably meritless legal theory," and is therefore frivolous, when "a dispositive defense clearly exists on the face of the complaint").

### C. 83rd Precinct of the NYPD

Plaintiff also names the 83rd Precinct of the NYPD as a separate defendant. However, a police precinct, as a division of the NYPD, is an organizational subdivision of the City of New

York. As such, it lacks independent legal existence and therefore is not a suable entity. Flemming v. New York City, No. 02-CV-4113 (AKH), 2003 WL 296921, at *2 (S.D.N.Y. Feb. 11, 2003); Wilson v. City of New York, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992). Accordingly, Plaintiff's § 1983 claim against the 83rd Precinct is also dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). See Livingston, 141 F.3d at 437.

## IV. CONCLUSION

For the reasons set forth above, the court concludes that Plaintiff has failed to state any nonfrivolous claim on which relief may be granted. While courts generally should not dismiss pro se complaints "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), courts may deny plaintiffs the opportunity to amend "when amendment would be futile," Fulton v. Goord, 591 F.3d 37, 45 (2d Cir. 2009). Here, a review of the Complaint indicates that amendment would be futile. Accordingly, Plaintiff's Complaint is DISMISSED WITH PREJUDICE. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
December 3, 2015

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge